## Morrow v. Weaver.

*A. H. Hull,* for plaintiff; *O. G. Wickersham,* for defendant.

Fox, J., November 3, 1930.—This matter comes before us upon a motion for a new trial.

The plaintiff brought his action to recover from the defendant for moving a frame building from the west side of the River Road to the east side thereof. The issues raised by the pleading are whether the consideration of said removal was the cost plus 5 per cent. commission on the same or a sum not to exceed $1500, and whether the defendant was entitled to damage for work negligently performed by the plaintiff.

Paragraph six of the plaintiff's statement is as follows: "The plaintiff agreed to move the said frame building of the defendant in consideration of the payment by the defendant of the cost of labor and material in connection with said moving plus 5 per cent. of the cost of said material and labor."

Paragraph six of the affidavit of defense is as follows: "Denied. For further answer to paragraph six, defendant says that his oral agreement with the plaintiff was that he was to move said building across said River Road for a consideration not to exceed $1500, which consideration was to include all labor and all materials necessary in order to move said building across said road, and there was no understanding or agreement that said work was

to be done with any understanding that defendant was to pay 5 per cent. in addition to the cost of said material and labor." The defendant also made counterclaim, alleging that the work was negligently performed, on account of which he suffered certain damage.

The case was tried on these issues and submitted to the jury, which found in favor of the plaintiff in the amount of the plaintiff's claim.

The motion for a new trial sets forth four reasons therefor, but at the argument and in the defendant's brief he presses only the first two reasons, which are as follows:

"1. The learned court erred in refusing to permit the defendant to give testimony with reference to all of the items set forth in paragraphs thirteen, fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty and twenty-one of the affidavit of defense, for the reason that all of said items were proper matters of defense, were specially pleaded and all refer to certain charges made in the itemized statement of plaintiff.

"2. The learned court erred in not admitting the testimony of the defendant with reference to an item of $200, set forth in the counterclaim for the cost of plastering."

We shall take up these reasons in their order.

As to the first, the matters referred to in the offer are those mentioned in paragraphs thirteen, fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty and twenty-one of the plaintiff's statement, which are certain charges which the plaintiff made and to sustain which he introduced proof. The defendant in his affidavit of defense relating to the claims in these paragraphs alleges that a number of these charges are incorrect, and as to the rest of them he denies liability for the reason that the plaintiff should not have made a charge for these particular services and for the further reason that the cost of removal should not exceed $1500. The offer to give evidence concerning these charges as embraced in paragraphs thirteen to twenty-one, inclusive, of the plaintiff's statement and affidavit of defense was as follows:

"We desire to prove by the witness on the stand that the item of May 12th, as it appears in the itemized account attached to plaintiff's statement, amounting to $76, is not a legal charge against the defendant, for the reason that according to the agreement between the plaintiff and the defendant the plaintiff was to furnish necessary equipment in order to move this building from where it was to where it was to be placed. And, in this connection, we might state that there are a number of other items in this account to which the defendant makes objection for the same reason."

The item referred to is the one mentioned in paragraph thirteen of the plaintiff's statement. Objection to the offer was made, the objection was sustained and the evidence excluded. We could not see at the time of trial, nor can we see now, how this evidence was material for the purpose offered. If the contract price was not to exceed $1500, as contended by the defendant, it is immaterial whether or not the plaintiff had spent more; the defendant would be liable for $1500 only, notwithstanding that the plaintiff proved expenses of $2350.72. If the contract was as plaintiff claimed (and the jury so found), then the testimony as offered would be of no consequence, throwing no light upon what the contract was. Had the evidence been offered to show that the item was incorrect or false, for the purpose of reducing plaintiff's claim, it would have been admissible. Such, however, was not the offer.

As to the second reason, we excluded the evidence proposed for the reason that it did not show the damage, if any, done at the time the removal was completed, but related to damage in the plastering existing almost a year later. This was too remote. We see no error in our having ruled it out.

96

Wherefore, we are of the opinion that the motion for a new trial should be overruled.

And now, November 3, 1930, upon due consideration, the motion for a new trial is overruled. Judgment is directed to be entered on the verdict upon payment of the jury fee.

From Homer L. Kreider, Harrisburg, Pa.